# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **ROTHSCHILD PATENT IMAGING, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**NIGHT OWL SP, LLC,**<br><br>Defendant. | **Civil Action No: 2:25-cv-00287-SPC-NPM**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Night Owl SP, LLC ("Night Owl" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Rothschild Patent Imaging, LLCs ("Plaintiff" or "RPI") Amended Complaint for Patent Infringement ("Complaint"). Night Owl denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

---

[1] For avoidance of doubt, Night Owl denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

## THE PARTIES

1. Night Owl is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Night Owl admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Night Owl admits that the Complaint purports to set forth an action for infringement under the patent laws of the United States, Title 35 of the United States Code. Night Owl admits that the Court has subject matter jurisdiction for this action. Night Owl denies it has committed or is committing acts of infringement. Night Owl denies any remaining allegations in Paragraph 3 of the Complaint.

4. Night Owl does not contest that the Court has personal jurisdiction over it in this case. Night Owl admits that it conducts business in this forum. Night Owl denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 4 of the Complaint.

5. Night Owl does not contest that the Court has personal jurisdiction over it in this case. Night Owl denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Night Owl does not contest that venue is proper in this case or that it has a place of business in this District. Night Owl denies the remaining allegations in Paragraph 6 of the Complaint.

7. Night Owl does not contest that the Court has personal jurisdiction over it in this case. Night Owl does not contest that venue is proper in this case. Night Owl denies any remaining allegations in this case.

## COUNT I
## [ALLEGED] PATENT INFRINGEMENT OF U.S. PAT. NO. 8,437,797

8. Night Owl's responses to the above Paragraphs are incorporated as though fully set forth herein.

9. The '797 Patent speaks for itself. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 9 of the Complaint.

10. Night Owl is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. The '797 Patent speaks for itself. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 11 of the Complaint.

12. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining

allegations in Paragraph 12 of the Complaint.

13. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 13 of the Complaint.

14. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 14 of the Complaint.

15. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 15 of the Complaint.

16. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 16 of the Complaint.

17. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining

allegations in Paragraph 17 of the Complaint.

18. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 18 of the Complaint.

19. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 19 of the Complaint.

20. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 20 of the Complaint.

21. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 21 of the Complaint.

22. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining

allegations in Paragraph 22 of the Complaint.

23. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 23 of the Complaint.

24. The '797 Patent speaks for itself. Night Owl denies the '797 Patent discloses or claims technical solutions or inventive concepts. Night Owl denies it has committed or is committing acts of infringement and denies any remaining allegations in Paragraph 24 of the Complaint.

25. Night Owl denies the allegations in Paragraph 25of the Complaint.

26. Night Owl denies the allegations in Paragraph 26 of the Complaint.

27. The '797 Patent speaks for itself. Night Owl denies all allegations inconsistent with the '797 Patent and denies the accused product is a mobile device.

28. The '797 Patent speaks for itself. Night Owl denies all allegations inconsistent with the '797 Patent and denies the accused product is a mobile device.

29. The '797 Patent speaks for itself. Night Owl denies all allegations inconsistent with the '797 Patent and denies the accused product is a mobile device.

30. The '797 Patent speaks for itself. Night Owl denies all allegations inconsistent with the '797 Patent and denies the accused product is a mobile device.

31. The '797 Patent speaks for itself. Night Owl denies all allegations

inconsistent with the '797 Patent and denies the accused product is a mobile device.

32. The '797 Patent speaks for itself. Night Owl denies all allegations inconsistent with the '797 Patent and denies the accused product is a mobile device.

33. The '797 Patent speaks for itself. Night Owl denies all allegations inconsistent with the '797 Patent and denies the accused product is a mobile device.

34. Night Owl admits the allegations in Paragraph 34 of the Complaint.

35. Night Owl admits the allegations in Paragraph 35 of the Complaint.

36. Night Owl denies the allegations in Paragraph 36 of the Complaint.

37. Night Owl denies the allegations in Paragraph 37 of the Complaint.

38. Night Owl denies the allegations in Paragraph 38 of the Complaint.

39. Night Owl denies the allegations in Paragraph 39 of the Complaint.

40. Night Owl denies the allegations in Paragraph 40 of the Complaint.

41. Night Owl denies the allegations in Paragraph 41 of the Complaint.

42. Night Owl denies the allegations in Paragraph 42 of the Complaint.

43. Night Owl denies the allegations in Paragraph 43 of the Complaint.

44. Night Owl denies the allegations in Paragraph 44 of the Complaint.

45. Night Owl denies the allegations in Paragraph 45 of the Complaint.

46. Night Owl is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] JURY DEMAND

Plaintiff's demand for a jury trial does not require a response.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Night Owl denies Plaintiff is entitled to any relief from Night Owl and denies the allegations contained Paragraphs (a)-(e) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Night Owl's Affirmative Defenses are listed below. Night Owl reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Night Owl has not infringed and does not infringe, either literally or under the doctrine of equivalents, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '797 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '797 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff or any predecessors-in-interest to the '797 Patent

failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Night Owl's actions allegedly infringe the '797 Patent, Night Owl is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '797 Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Night Owl indirectly infringes the '797 Patent, either by contributory infringement or inducement of infringement, Night Owl is not liable to Plaintiff for the acts alleged to have been performed before Night Owl knew that its actions would allegedly cause infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the '797 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Night Owl, including in light of the doctrine of prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during prosecution of the applications leading to issuance of the '797 Patent.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon

which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Night Owl infringes the '797 Patent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### TENTH AFFIRMATIVE DEFENSE

Should Night Owl be found to infringe any valid enforceable claim of the '797 Patent, such infringement was not willful.

Dated:  June 26, 2025

Respectfully submitted,

By: */s/ Michael A. Vincent*
Eleanor T. Barnett, Esq.
Florida Bar No. 355630
**ARMSTRONG TEASDALE LLP**
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 371-8809
ebarnett@atllp.com
**FOR SERVICE:**
miamiefiling@atllp.com

Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla (lead counsel)
Texas Bar No. 24082704
rbonilla@fr.com
Michael A. Vincent
Texas Bar No. 24105738
vincent@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone – (214)747-5070
Facsimile – (214) 747-2091

**COUNSEL FOR DEFENDANT NIGHT OWL SP, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 26, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                */s/ Michael A. Vincent*
                                                Michael A. Vincent